NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NASSIR NAZAROVICH KOURBANOV, AKA Milan Frank Fargo, Plaintiff-Appellant, v. UNITED STATES OF AMERICA, Federal Emergency Management Agency (FEMA), Defendant-Appellee. | No. 20-16444 D.C. No. 1:19-cv-00004 MEMORANDUM* |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, District Judge, Presiding

Submitted September 14, 2021**

Before:    PAEZ, NGUYEN, and OWENS, Circuit Judges.

Nassir Nazarovich Kourbanov AKA Milan Frank Fargo appeals pro se from

the district court's judgment dismissing his action seeking judicial review of

Federal Emergency Management Agency ("FEMA") decisions under the

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Administrative Procedure Act, 5 U.S.C. § 702. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018) (dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6)); *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 864 (9th Cir. 2016) (dismissal for lack of subject matter jurisdiction). We affirm.

The district court properly dismissed as moot Fargo's claim arising from FEMA's recoupment efforts because FEMA agreed to cease recoupment efforts. *See Am. Cas. Co. of Reading, Pa. v. Baker*, 22 F.3d 880, 896 (9th Cir. 1994) (a case is moot when there is no longer a present controversy as to which effective relief can be granted).

The district court properly dismissed Fargo's remaining claims for lack of subject matter jurisdiction because the Stafford Act precludes judicial review of FEMA's discretionary actions when performing its duties under the Act. *See* 42 U.S.C. § 5148 ("The Federal Government shall not be liable for any claim based upon the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a Federal agency or an employee of the Federal Government in carrying out the provisions of this chapter."); *Graham v. FEMA*, 149 F.3d 997, 1005 (9th Cir. 1998) (Section 5148 "preclude[s] judicial review of all disaster relief claims based upon the discretionary actions of federal employees." (citation and internal quotation marks omitted)), *abrogated on other*

*grounds as recognized in Novak v. United States*, 795 F.3d 1012 (9th Cir. 2015).

The district court did not abuse its discretion in denying Fargo's motion for reconsideration because Fargo failed to establish any basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and discussing when reconsideration is appropriate).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

We reject as meritless Fargo's contentions that he was entitled to a jury trial and that the district court judge was biased against him.

**AFFIRMED.**